(45 P.3d 859)
No. 86,991

ROBERT S. HELLER, *Appellee*, v. JOHN E. HELLER, *Appellant*.

Opinion filed February 1, 2002.

*Jerry L. Harrison*, of Noah & Harrison, of Beloit, for appellant.

*Curtis A. Frasier* and *Guy R. Steier*, of Frasier & Steier, of Beloit, for appellee.

Before MARQUARDT, P.J., ELLIOTT, J., and PADDOCK, S.J.

PADDOCK, J.: This appeal arises out of an unfortunate conflict between two brothers over the family farm. Robert S. Heller petitioned for a partition of the farm and rent from a lease. The trial court granted his petition. Robert's brother, John E. Heller, counterclaimed for an accounting of the profits from the farming operation. The trial court denied John's counterclaim. John appeals.

We affirm.

Following the death of their father in 1972, the brothers and their mother, Rose, inherited the father's assets, including the real estate in question, which they operated as a farm. By an oral agreement, Robert, John, and their mother divided the farm income and expenses.

Over the years, the relationships of Robert and John to the farming operation gradually changed to the point that Robert left the farm and worked at another job, leaving John as the operator of the farm. Despite the brothers' changing roles and John's questioning of the fairness of the division of income and expenses, no change was made in their previous oral agreement.

In 1994, Rose conveyed her undivided interest in the farm to John. In March 1996, Robert conveyed to John all of his undivided interest in a portion of the farm for the purpose of allowing John to sell or mortgage the conveyed tract to pay their mother's care expenses.

In April 1996, Robert and John entered into a lease agreement on Robert's undivided one-fourth interest in the remaining real estate. Under the agreement, John agreed to pay Robert an annual rent fee for a period of 3 years beginning in July 1997 and Robert agreed to pay one-fourth of the real estate taxes. John has failed to make the lease payments and Robert has not paid his portion of the taxes. The lease expired by its terms in 1999. John remains in possession of the real estate as a holdover tenant and continues to farm the real estate.

In his counterclaim, John sought an accounting for the 12 years preceding the execution of the lease in 1996.

The trial court concluded that John's request for an accounting was barred by the statute of limitations. The trial court also denied John's claim that he is entitled to a setoff against Robert's claim for rent even if the statute of limitations bars his claim for an accounting. John appealed.

Our review of the trial court's conclusions of law is unlimited. *Lindsey v. Miami County National Bank*, 267 Kan. 685, 689-90, 984 P.2d 719 (1999).

K.S.A. 2000 Supp. 60-513(a)(4) sets a 2-year statute of limitations for an action for injury not arising under contract or not otherwise provided for. The 2-year limitation would apply for an accounting between cotenants.

John contends the limitation period was tolled. In support of his contention, John cites *Lindenman v. Unscheid*, 255 Kan. 610, 875 P.2d 964 (1994). In *Lindenman*, the Kansas Supreme Court con-

cluded that the statute of limitations had been tolled because the plaintiffs could not have prosecuted their claim to a successful conclusion until after the statute of limitations had run. 255 Kan. at 623. Here, John argues that the same rationale should apply to this case. John believed his brother was taking more than his fair share from the farming operation. John states that he did not sit idly and do nothing; rather, he withheld rent under the terms of the lease until his brother provided him with an accounting. John argues that the refusal to pay the rent forced Robert to file the partition action which resulted in John's counterclaim for a complete accounting. John's reasoning is flawed. The situation in the instant case is unlike that in *Lindenman*. John could have filed a motion for an accounting and received a full accounting before the statute of limitations had run. Forcing Robert to file a partition action was not necessary to receive an accounting on the farming operation. John had the ability to file a motion for an accounting before the statute of limitations had expired.

John argues that a just and equitable accounting is required because prior to the lease in 1996, there was no clear agreement between the parties upon which he could have filed suit. However, John had the ability to file for partition or file a motion for an accounting prior to 1996. He willingly entered into the lease with Robert which changed the relationship between them.

John also argues that Robert only had a one-fourth interest in the farming operation, but he was receiving one-third of the government program payments. However, this was an agreement by the parties that each person was to receive a third of the government program payments. The relationship between the parties was very informal regarding the farming operation. The parties only had an oral agreement and they contributed to the expenses and received the profits as agreed. John could have protected his interests at a prior time with a more formal agreement but failed to do so. He is now requesting that the court require an accounting for the years prior to the formal lease and impose a different agreement between the parties. If John was dissatisfied with the farming operation and relationship, he should have made the effort to formalize a written agreement. The 1996 lease was an effort to change

the arrangement, but prior to that lease, John did not protect his interests.

John also contends that the statute of limitations did not run because this is an equitable action, citing K.S.A. 60-1003(d). Although this statute gives the district court broad discretion in a partition action, it does not mention the statute of limitations. An abuse of the district court's discretion in applying the statute of limitations has not been shown.

In *Yeager v. National Cooperative Refinery Ass'n*, 205 Kan. 504, 470 P.2d 797 (1970), the plaintiff sought an accounting for her share of oil and gas royalties. The Kansas Supreme Court noted that in an equitable action for an accounting, where there is no corresponding legal right or remedy, the statute of limitations is not applicable, but only laches will bar or defeat the action. However, the court also noted that where there is a legal right or remedy, a court of equity by analogy will follow the statute of limitations set by law. 205 Kan. at 509. In *Yeager*, the court found that the plaintiff had an identifiable cause of action and could have sued when the lease was declared void; thus, the statute of limitations began to run at that time. 205 Kan. at 508-09. The court found that a cause of action accrues, so as to start the running of the statute of limitations, as soon as the right to maintain a legal action arises. 205 Kan. at 512.

Here, when the cotenancy relationship changed to landlord/tenant in 1996, John's cause of action for an accounting on the previous relationship began to accrue. His demand for an accounting filed 4 years later was barred prior to the commencement of the partition action.

Next, John argues that he is entitled to raise his claims for an accounting as a setoff against Robert's claims for rent even if the statute of limitations bars the claim for an accounting.

K.S.A. 2000 Supp. 60-213(d) states:

"When cross demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim or cross-claim could have been set up, neither can be deprived of the benefit thereof by the assignment or death of the other or by reason of the statute of limitations if arising

out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim or connected with the subject of the action."

In the present case, K.S.A. 2000 Supp. 60-213(d) has no application. Robert's rent claim was founded upon the lease. John's request for an accounting was based upon the previous cotenancy relationship as it existed prior to the lease. The lease created a new relationship between the parties. The district court found that the claims were separate and distinct and denied recovery under K.S.A. 60-213(d). We agree.

The 1996 lease changed the relationship between the brothers from cotenancy to landlord/tenant. John would only be entitled to a setoff on claims that occurred after the change in the relationship.

Affirmed.